**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF | No. CV11-1285-PHX-DGC |
| Donald W. Parrillo | **ORDER** |
| _____ | |
| Donald W. Parrillo, | |
| Appellant, | |
| v. | |
| Nancy Reilly and Zane D. Smith, | |
| Appellees. | |

On June 29, 2011, Appellant Donald W. Parrillo's appeal of a bankruptcy court order was lodged in this Court. Doc. 1. Appellant was informed that he must, within 14 days, designate the items to be included in the record on appeal and serve a copy on the Appellees. Doc. 1 at 2. Appellant was also notified that his failure to comply with applicable rules could result in dismissal of his appeal. Doc. 2 at 2. Despite these instructions, Appellant did not designate the record on appeal. Appellant was advised of this failure in an order dated October 20, 2011, but never responded with a designation of the record on appeal. Doc. 3.

On January 9, 2012, the Court entered a scheduling order that required Appellant to file his opening brief within 14 days. Doc. 4. The order again informed him that his

appeal could be dismissed if he failed to comply with applicable rules and orders. *Id.* at 2. Appellant filed a motion seeking to extend the briefing schedule for 180 days, but failed to provide any substantiation for his request. As a result, on February 9, 2012, the Court denied Appellant's motion for an extension of time. Doc. 9. Appellant thereafter failed to file his opening brief.

In response to Appellant's request for an extension of time, Appellees filed a motion to dismiss. Doc. 8. The motion noted that Appellant had failed to designate the record on appeal as required by applicable rules. *Id.* In the Court's order denying Appellant's request for an extension of time, the Court specifically stated that it would rule on the motion to dismiss after briefing was completed. Doc. 9. Appellant failed to respond to the motion to dismiss.

Appellant clearly has been warned that his failure to comply with applicable rules and Court orders could result in dismissal of his appeal. *See* Doc. 1 at 11; Doc. 4 at 2. He nonetheless has failed to designate his record on appeal, file an opening brief, or respond to the motion to dismiss. This appeal has been pending for almost one year with virtually no activity because of Appellant's repeated failures to satisfy his obligations.

The Ninth Circuit has developed a five part test for determining whether a dismissal sanction is just: (1) the public's interest in expeditious resolution of the litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998). The first three factors favor dismissal of this appeal: the appeal cannot be resolved expeditiously when Appellant fails to comply with applicable rules, the Court cannot effectively manage its docket in such a situation, and the resulting delay prejudices Appellees. The fourth factor weighs against dismissal. In considering the fifth factor, the Court has contemplated less drastic sanctions, but because Appellant repeatedly has demonstrated his failure to comply with rules and orders, the Court concludes that dismissal is the only appropriate sanction.

**IT IS ORDERED** that Appellees' motion to dismiss appeal (Doc. 8) is **granted**. The Clerk shall terminate this matter.

Dated this 9th day of May, 2012.

_____
David G. Campbell
United States District Judge